UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JOSEPH GERARD LUTHER,<br>Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>Defendant. | Case No. 17-cv-06479-RMI<br><br>**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 19, 21 |

Plaintiff, Joseph Gerard Luther, seeks judicial review of an administrative law judge ("ALJ") decision denying his application for disability insurance benefits under Title II of the Social Security Act. Plaintiff's request for review of the ALJ's unfavorable decision was denied by the Appeals Council, thus, the ALJ's decision is the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge (dkts. 6 & 9), and both parties have moved for summary judgment (dkts. 19 & 21). For the reasons stated below, the court will grant Plaintiff's motion for summary judgment, and will deny Defendant's motion for summary judgment.

## LEGAL STANDARDS

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## PROCEDURAL HISTORY

On April 5, 2013, Plaintiff filed an application for a period of disability insurance benefits under Title II, alleging an onset date of May 1, 2006. *See Administrative Record "AR"* (dkt. 12) at 19. The ALJ denied the application on December 24, 2015. *Id*. at 25. The Appeals Council denied Plaintiff's request for review on September 27, 2017. *Id*. at 1-5.

## SUMMARY OF THE RELEVANT EVIDENCE

Plaintiff has alleged that he suffers from the following impairments: cervical spine radiculopathy with significant foraminal narrowing at C5-C6, cervical spondylosis, degenerative disc disease throughout the cervical lumbar spine, chronic back pain with radiation into the left leg, as well as anxiety and panic attacks. *See Pl.'s Mot.* (dkt. 19) at 7. The ALJ determined that Plaintiff's cervical radiculopathy and lumbar spine degenerative disc disease were both severe. *AR* (dkt. 12) at 21. Regarding Plaintiff's anxiety, the ALJ found it to be non-severe and noted only that the record contained "insufficient evidence indicating work-related limitations based on anxiety or depression." *Id*.

*Evidence Pertaining to Anxiety:*

In late July of 2013, Plaintiff submitted a completed questionnaire on an SSA form entitled, "Function Report – Adult." *Id*. at 231-239. Among the first questions present on this form is an inquiry to the following effect: "How do your illnesses, injuries, or conditions limit your ability to work?" *Id*. at 231. Plaintiff answered, in pertinent part, that his unsuccessful job searching had "cause[ed] anxiety, fear, serious debt, frustration, anger, and increasing mental dysfunction[,] [f]ear of rejection causes procrastination, confusion, loss of confidence, inability to

learn or use previous knowledge effectively, not working has simply broken me mentally now in addition to physical damage." *Id*. In response to an inquiry as to whether or not Plaintiff had noticed any unusual behavior or fears, Plaintiff listed his panic attacks as well as a "sense of impending doom." *Id*. at 237. Plaintiff added that while he is able to drive, the state of his anxiety and panic attacks have rendered driving unadvisable. *Id*. at 234. Also in July of 2013, Plaintiff's spouse, Ms. Helen Luther, submitted a similar questionnaire on a form entitled, "Function Report – Adult – Third Party." *Id*. at 210-218. In response to a question about how Plaintiff's conditions limit his ability to work, Ms. Luther noted, in pertinent part, that Plaintiff was suffering from an increase in anxiety; that he had become "much more serious and depressed due to his pain"; and, that Plaintiff "has developed quite an anxiety problem over the past 5 years." *Id*. at 210, 215, 216.

Testifying before the ALJ, Plaintiff again informed the ALJ that he suffers from anxiety and panic attacks. *Id*. at 48. Later in the hearing, the ALJ specifically questioned Plaintiff in this regard, asking if "depression or anxiety played any part in, in your difficulties?" *Id*. at 67. Plaintiff responded in the affirmative and added that the anxiety caused by his increasing inability to provide for his family had caused him to rarely leave the house and to spend his time "dealing with pain and trying to feel like I'm a useful, meaningful human being anymore." *Id*.

As to the medical evidence documenting an anxiety disorder, Plaintiff had submitted treatment and diagnostic records from Robert Mott, M.D., his primary care physician. In addition to his other ailments, Plaintiff also sought treatment from Dr. Mott for panic attacks and anxiety. *Id*. at 407. Throughout the course of his treatment, Plaintiff's medical records consistently reflect the fact that, among other impairments, Dr. Mott also assessed Plaintiff as suffering from an anxiety disorder. *See e.g., id*. at 302, 304-05, 307, 309-10, 311, 313, 315, 317, 319-20, 322, 324, 326-28, 330-31, 333, 335-36, 338-39, 340, 342, & 344-45.

This was confirmed during a 2013 review of Plaintiff's records by Patricia Heldman, M.D., a state agency consultant who noted that her "[r]eview of records from Robert A. Mott M.D., [from] 06/20/05 – 07/15/11 reveal[ed] diagnosis of Anxiety/Panic at all visits . . ." *Id*. at 88. Dr. Heldman added that "[i]n addition to the above discussion of anxiety, there are also symptoms of depression noted in 8/10 and 10/11 notes." *Id*.

3

**THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY**

A person filing a claim for social security disability benefits ("the claimant") must show that she has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. *See* 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909.[1] The ALJ must consider all evidence in the claimant's case record to determine disability (*see id*. § 416.920(a)(3)), and must use a five-step sequential evaluation process to determine whether the claimant is disabled (*see id*. § 416.920). "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).

Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step sequential evaluation. *AR* (dkt. 12) at 20-25. At Step One, the claimant bears the burden of showing she has not been engaged in "substantial gainful activity" since the alleged date the claimant became disabled. *See* 20 C.F.R. § 416.920(b). If the claimant has worked and the work is found to be substantial gainful activity, the claimant will be found not disabled. *See id*. The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. *AR* (dkt. 12) at 21.

At Step Two, the claimant bears the burden of showing that she has a medically severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(a)(4)(ii), (c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)). The ALJ found that Plaintiff suffered from the following severe impairments: cervical radiculopathy and lumbar spine degenerative disc disease. *AR* (dkt. 12) at 21. The ALJ, however, found that Plaintiff's impairment of anxiety was not supported by "evidence indicating work-related limitations based on anxiety or depression." *Id*.

---

[1] The regulations for supplemental security income (Title XVI) and disability insurance benefits (Title II) are virtually identical though found in different sections of the CFR. For the sake of convenience, the court will generally cite to the SSI regulations herein unless noted otherwise.

4

At Step Three, the ALJ compares the claimant's impairments to the impairments listed in appendix 1 to subpart P of part 404. *See* 20 C.F.R. § 416.920(a)(4)(iii), (d). The claimant bears the burden of showing her impairments meet or equal an impairment in the listing. *Id*. If the claimant is successful, a disability is presumed and benefits are awarded. *Id*. If the claimant is unsuccessful, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to Step Four. *See id*. § 416.920(a)(4)(iv), (e). Here, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. *AR* (dkt. 12) at 22. Next, the ALJ determined that Plaintiff retained the RFC "to perform medium work" with several physical limitations. *AR* (dkt. 12) at 22-24.

At Step Four, the ALJ determined that Plaintiff is able to perform his past relevant work as a hospital cleaner. *AR* (dkt. 12) at 24. Thus, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from May 1, 2006, through December 31, 2011, the date last insured. *AR* (dkt. 12) at 25.

**ISSUESS PRESENTED**

Plaintiff presents four issues for review. The first assigns error to the ALJ's determination that Plaintiff could perform his past relevant work because the RFC precluded such a finding. *Pl.'s Mot.* (dkt. 19) at 10-12. Plaintiff's second issue assigns error to the ALJ's rejection of the opinion of Plaintiff's treating physician without providing specific and legitimate reasons. *Id*. at 12-16. Plaintiff's third issue assigns error to the ALJ's failure to correctly evaluate his anxiety under Step Two. *Id*. at 16-18. Lastly, Plaintiff contends that the ALJ was not properly appointed under the Constitution and therefore lacked the authority to hear and decide the case. *Id*. at 18-21.

**DISCUSSION**

The court will address Plaintiff's third issue first because its assignment of error involved the earliest point of the sequential evaluation process. In his third issue, Plaintiff contends that the ALJ erred at Step Two by failing to evaluate his anxiety and panic attacks under the required Psychiatric Review Technique ("PRT") specified in 20 C.F.R. § 404.1520a. *See Pl.'s Mot.* (dkt. 19) at 16. Plaintiff argues that this error infected the ALJ's analysis going forward, and that because of the existence of a colorable claim of mental impairments, the ALJ's failure to perform

the PRT analysis is not a harmless error. *Id*. at 16-17. Defendant argues that "while the ALJ technically erred, Plaintiff has failed to show that it was harmful." *Def.'s Mot.* (dkt. 21) at 6.

**Step-Two Error**

As mentioned above, at Step Two of the disability determination process, it is incumbent on the ALJ to determine whether the claimant has a medically severe impairment or combination of impairments. In making this determination as to claimed psychiatric impairments, an ALJ is required to follow the process set forth in 20 C.F.R. § 404.1520a. *See Keyser v. Comm'r SSA*, 648 F.3d 721, 725 (9th Cir. 2011). This regulation requires the application of a special psychiatric review technique beginning with a determination as to whether an applicant has a medically determinable mental impairment. 20 C.F.R. § 404.1520a(b). Next, the ALJ must rate the degree of limitation for four distinct functional areas, *see id*. § 404.1520a(c), and then determine the severity of the mental impairment (in part, based on the degree of limitation in functioning), *see id*. § 404.1520a(c)(1); and finally, if the impairment is found to be severe, the ALJ then proceeds to Step Three of the sequential process to determine if the impairment meets or equals a listed disorder, *see id*. § 404.1520a(c)(2).

"When evaluating psychiatric impairments such as somatization disorder and depression, the ALJ must follow a 'special psychiatric review technique' and document his findings and conclusions in his decision." *Chaudhry v. Astrue*, 688 F.3d 661, 670 (9th Cir. 2012). "Specifically, the written decision must incorporate the pertinent findings and conclusions based on the technique and must include a specific finding as to the degree of limitation in each of the functional areas . . ." *Keyser*, 648 F.3d at 725. A failure to comply with 20 C.F.R. § 404.1520a "is not harmless if the claimant has a 'colorable claim of mental impairment.'" *Keyser*, 648 F.3d at 726 (quoting *Gutierrez v. Apfel*, 199 F.3d 1048, 1051 (9th Cir. 2000) ("We follow the cases in other circuits recognizing that where there is a colorable claim of mental impairment, 20 C.F.R. § 404.1520a requires the evaluation form to be completed and appended to the decision, and the failure to do so requires remand to the Social Security Administration.") (collecting cases).

Relating to Plaintiff's anxiety and panic attacks, the ALJ's decision contained only two sentences. *See AR* (dkt. 12) at 21-22. The ALJ noted that Plaintiff had alleged that he suffered

6

from anxiety, but that he had "a normal mental status examination" on one occasion, and "was described as only slightly depressed with no suicidal ideation" on another occasion. *Id*. Given the insufficiency of the ALJ's analysis of Plaintiff's mental impairments under Step Two, it is unsurprising that Defendant concedes that "the ALJ technically erred," however, Defendant contends that Plaintiff has failed to show that the error was not harmless. *See Def.'s Mot.* (dkt. 21) at 6. As described in *Keyser*, 648 F.3d at 726, an ALJ's failure to follow the procedure set forth in 20 C.F.R. § 404.1520a is not harmless in cases that involve a 'colorable' claim of mental impairment. A claim is 'colorable' if it is not "wholly insubstantial, immaterial, or frivolous." *Boettcher v. Sec'y of Health & Human Servs.*, 759 F.2d 719, 722 (9th Cir. 1985); *see also Blackburn v. Astrue*, No. C07-5387-KLS, 2008 U.S. Dist. LEXIS 56506, at *16-17 (W.D. Wash. May 13, 2008) (citing *Boettcher*, 759 F.2d at 721-22; and, *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997)).

Here, the record contained the above-described uncontroverted evidence in support of Plaintiff's claim that he suffered from anxiety and panic attacks, which included: (1) narrative statements by his wife and himself on SSA-provided function report forms; (2) Plaintiff's testimony at the hearing; (3) extensive medical records from his treating physician consistently indicating an assessment for an anxiety disorder; and (4) a substantiating observation by a state agency reviewing consultant, noting that Plaintiff had received a "diagnosis of Anxiety/Panic at all visits" between June of 2005 and July of 2011. *See AR* (dkt. 12) at 88.

Based on the record before the court, as well as Defendant's concession, the court finds that the ALJ erred at Step Two in failing to adhere to the procedure described in 20 C.F.R. § 404.1520a. Further, the court finds that the error is not harmless because Plaintiff's evidentiary support for his claimed impairment, anxiety and panic attacks, was substantial and compelling – well beyond what would be considered a 'colorable' claim. Accordingly, the court will remand the case such that the ALJ can re-engage the Step Two determination as to Plaintiff's anxiety and panic attacks in compliance with the procedure described in 20 C.F.R. § 404.1520a. *See Keyser*, 648 F.3d at 726.

//

**Appointments Clause Claim**

Plaintiff also argues that "[t]he ALJ who conducted the hearing and issued the decision in this case was not properly appointed under the Constitution's Appointments Clause at the time of the hearing and thus did not have legal authority to preside over this matter or issue an unfavorable decision." *Pl.'s Mot.* (dkt. 19) at 18. Plaintiff then expends significant energy in anticipating and preemptively responding to a forfeiture defense due to having raised this argument for the first time in this court. *See id*. at 19-21. Looking beyond the boilerplate legal principles, Plaintiff does not offer any argument or evidence as to how exactly the ALJ's appointment was constitutionally defective; instead, Plaintiff merely notes that in July of 2018, "the Acting Commissioner of Social Security took corrective action to address the Constitutional infirmity of her ALJs and properly appointed all of the Agency's ALJs in accordance with the law, including the Constitution's Appointments clause." *Id*. at 18.

Putting aside the fact that Plaintiff has not articulated and supported a cogent argument in this regard, some courts have held that this claim is waived if presented for the first time in federal court. *See e.g.*, *Joyce Marie T. v. Comm'r of Soc. Sec. Adminstration*, No. 6:18-cv-00191-JR, 2018 U.S. Dist. LEXIS 219575, at *20 (D. Or. Nov. 30, 2018) (declining to address this claim and finding that it was not properly before the court due to having been raised in a footnote without much explanation, and for not having been previously raised before the Agency); *see also Byrd v. Berryhill*, No. 1:17-cv-01619-SKO, 2019 U.S. Dist. LEXIS 1227, at *17 n.10 (E.D. Cal. Jan. 2, 2019) (finding the issue was forfeited because it was raised for the first time in federal court); and, *Dierker v. Berryhill*, No. 18cv145-CAB-MSB, 2019 U.S. Dist. LEXIS 8646, at *6-9 (S.D. Cal. Jan. 16, 2019) ("Plaintiff's failure to timely raise his Appointments Clause challenge forfeits the claim as untimely."). Also, at least one court has declined to address this claim if other grounds were present on which to decide the case. *See Clayton C. v. Comm'r of Soc. Sec.*, No. C18-638-BHS-BAT, 2018 U.S. Dist. LEXIS 195220, at *10-11 (W.D. Wash. Oct. 16, 2018) ("Although the argument is plausible and meritorious, the Court declines to address it and applies the principle of constitutional avoidance as there are independent grounds, discussed above, to reverse the Commissioner's final decision.").

Because the case is to be remanded for further proceedings for the reasons described above, and because Plaintiff has noted that the Agency has since taken corrective action, the court declines to address Plaintiff's claim pertaining to the ALJ's appointment. Likewise, as to Plaintiff's remaining two claims – that the ALJ erred at Step Four in concluding that Plaintiff could still perform his past work as a hospital cleaner, as well as erring in rejecting the opinion of a treating physician without adequate justification – the court declines to address these claims at this time because the calculus of the disability determination may change radically once the above-described error at Step Two is corrected. The court finds, therefore, that it cannot resolve the additional issues raised by Plaintiff until the error in the ALJ's Step Two analysis is corrected. *See e.g.*, *Knappenberger v. Colvin*, No. 15-cv-02324-NJV, 2016 U.S. Dist. LEXIS 66905, at *7 (N.D. Cal. May 20, 2016); *see also Haverlock v. Colvin*, No. 2:12-CV-2393-DAD, 2014 WL 670202, at *5 (E.D. Cal. Feb. 20, 2014) ("In light of the remand required by the ALJ's error at Step Two, the court need not address plaintiff's remaining claims.").

**IT IS SO ORDERED.**

Dated: March 26, 2019

ROBERT M. ILLMAN
United States Magistrate Judge