UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JOSEPH GERARD LUTHER,<br>　　　　Plaintiff,<br>　　v.<br>ANDREW M. SAUL,<br>　　　　Defendant. | Case No. 17-cv-06479-RMI<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES**<br>Re: Dkt. No. 26 |

Plaintiff filed an application for an award of attorney fees in the amount of $7,154.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Mot. (dkt. 26). Defendant's opposition, if any, was due on July 8, 2019. Defendant did not file, timely or otherwise, an opposition.

**BACKGROUND**

On March 26, 2019, the court issued an opinion and judgment granting Plaintiff's Motion for Summary Judgment and denying Defendant's Cross Motion for Summary Judgment. *See Order* (dkt. 23). The court found that the ALJ erred at Step Two of the disability determination process related to Plaintiff's anxiety and panic attacks. *Id*. at 6-7. The court found that the ALJ's analysis related to these two claims of medically severe impairments was insufficient. *Id*. The court also noted that while Defendant conceded in its briefing that "the ALJ technically erred," Defendant argued that Plaintiff failed to show that the error was not harmless. *Id*.

In determining that this matter should be remanded for the errors committed at Step Two, the court rejected Defendant's harmless error argument based on the Circuit's instruction that an ALJ's failure to follow the procedure set forth in 20 C.F.R. § 404.1520a is not harmless in cases

that involve a 'colorable' claim of mental impairment. *See Keyser v. Comm'r SSA*, 648 F.3d 721, 725 (9th Cir. 2011). A claim is 'colorable' if it is not "wholly insubstantial, immaterial, or frivolous." *Boettcher v. Sec'y of Health & Human Servs.*, 759 F.2d 719, 722 (9th Cir. 1985). Based on the uncontroverted evidence in support of Plaintiff's claim that he suffered from anxiety and panic attacks, which included: (1) narrative statements by his wife and himself on SSA-provided function report forms; (2) Plaintiff's testimony at the hearing; (3) extensive medical records from his treating physician consistently indicating an assessment for an anxiety disorder; and (4) a substantiating observation by a state agency reviewing consultant, noting that Plaintiff received a "diagnosis of Anxiety/Panic at all visits" between June of 2005 and July of 2011, the court found that Plaintiff presented more than a 'colorable' claim of mental impairment and remanded the case.

## LEGAL STANDARD

The purpose of the EAJA statute is to "eliminate financial disincentives for those who would defend against unjustified government action and thereby to deter the unreasonable exercise of government authority." *Guitierrez v. Barnhart*, 274 F.3d 1255, 1262 (9th Cit. 2001) (quoting *Ardestani v. INS*, 502 US 129, 138 (1991)). To prevail in a motion for EAJA fees, the plaintiff must be a prevailing party and the government's position must be without substantial justification. *Hensley v. Eckerhart*, 461 US 424, 433 (1983).

## DISCUSSION

Plaintiff as Prevailing Party

An applicant for Social Security benefits who receives a remand under sentence four of 42 U.S.C. §405(g) is a "prevailing party" and eligible for fees and costs under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Plaintiff is therefore a prevailing party within the meaning of the law. Because Plaintiff's net worth was less than $2,000,000 when the civil action was filed, he is an eligible party under 28 U.S.C. § 2412(d)(2)(B).[1]

//

---

[1] The court granted Plaintiff's Application to Proceed in Forma Pauperis on November 27, 2017. *See Order* (dkt. 7).

2

Position of the United States Was Not Substantially Justified

Because Plaintiff was the prevailing party in this case, the EAJA mandates an award of attorney fees "unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust." 28 USC § 2412(d)(1)(A); *Thomas v. Peterson*, 841 F.2d 332, 335 (9th Cir. 1998). The Commissioner in this case bears the burden of establishing that his position was "substantially justified." *Gutierrez*, 274 F.3d at 1258. To meet this standard, the government must show that its position was "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "Put differently, the government's position must have a reasonable basis both in law and fact." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Under the EAJA, both the "government's litigation position and the underlying agency action giving rise to the civil action" must be substantially justified to avoid an award of fees. *Id.* Thus, "[t]he government's position must be substantially justified at each stage of the proceedings." *Id.* at 872 (quoting *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)) (internal quotation marks omitted). In this circuit, "a holding that the agency's decision was unsupported by substantial evidence is a strong indication that the position of the United States was not substantially justified." *Meier*, 727 F.3d at 872 (internal quotations and modifications omitted); s*ee also Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("[I]t will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.").

As discussed above, the court found that the ALJ's error at Step Two was not harmless because Plaintiff had presented at least a 'colorable' claim of mental impairment and remand was required. *See Keyser*, 648 F.3d at 725; *see also Boettcher*, 759 F.2d at 722. While Defendant conceded the ALJ's error, Defendant's argument that the error was harmless was not substantially justified in light of Plaintiff's presentment of, at the very least, a colorable mental impairment claim. Moreover, as stated above, it is Defendant's burden to establish that his position was substantially justified, and Defendant has failed to attempt to meet his burden when he failed to timely file an opposition.

3

Plaintiff's Fee Request is Not Excessive

Plaintiff contends that the number of hours claimed by counsel for compensation are reasonable and necessary under the circumstances of this case. Under the EAJA, Plaintiff is entitled to "reasonable" fees. 28 U.S.C. § 2412(d)(2)(A). Determining whether the expenditure of time litigating a Social Security case was reasonable "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained;" courts cannot apply *de facto* caps limiting the hours attorneys can reasonably expend. *Costa v. Commissioner of Social Security Administration*, 690 F.3d 1132, 1136-37 (9th Cir. 2012).

Plaintiff's attorney did not represent Plaintiff at the administrative hearing. Thus, he first became familiar with the record while preparing to file Plaintiff's Motion for Summary Judgment. Additionally, he reviewed and responded to the arguments made in Defendant's Cross Motion for Summary Judgement. The court has reviewed Plaintiff's attorney's briefing and finds that the hours expended by Plaintiff's attorney in litigating this action were a reasonable expenditure of time in light of the circumstances of the case.

Generally, fees under the EAJA are not to exceed $125 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). It is undisputed that the EAJA statutory maximum hourly rate in the Ninth Circuit, adjusted for increases in the cost of living, was $196.79 for 2017, and $200.78 in the first half of 2018.[2] Plaintiff's attorney provided a Declaration explaining that his hourly rate was $196.00, and that he spent at least 36.5 hours litigating this case, comprised of 2.5 hours in 2017 ($490.00), 27.3 hours in 2018 ($5,350.80), and 6.7 hours in 2019 ($1,313.20). *See* (dkt. 26-1). Plaintiff's attorney also seeks $310.00 in costs to recoup his *pro hac vice* admission fees.[3] *Id*.

---

[2] *See* table set forth at: http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039; citing 28 U.S.C. § 2412(d)(2)(A).

[3] "[P]ro hac vice fees, charged by the Clerk of the Court, can be considered 'Fees of the clerk' under 28 U.S.C. § 1920(1)." *Dubord v. Comm'r of Soc. Sec.*, No. 2:16-CV-1402-DMC, 2019 WL 1060048, at *3 (E.D. Cal. Mar. 6, 2019

Based on the foregoing, the court finds that Plaintiff meets the statutory requirements for an award of attorney's fees in the amount of $7,154.00 under the EAJA, 28 U.S.C. § 2412(d), plus an award for costs in the amount of $310.00, totaling $7,464.00.

Accordingly, Plaintiff's Motion for Attorney Fees under the EAJA in that amount is **GRANTED**.

**IT IS SO ORDERED.**

Dated: July 16, 2019

ROBERT M. ILLMAN
United States Magistrate Judge